IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD DESHAWN JONES, § § Movant, § § v. § § UNITED STATES of AMERICA, § § Respondent. § | § § § § No. 3:19-cv-02684-N (BT) § No. 3:17-cr-00321-N-1 § § § § § |

RICHARD DESHAWN JONES, §
　　　　　　　　　　　　　§
　　　Movant,　　　　　　　§
　　　　　　　　　　　　　§　　No. 3:19-cv-02684-N (BT)
v.　　　　　　　　　　　　§　　No. 3:17-cr-00321-N-1
　　　　　　　　　　　　　§
UNITED STATES of AMERICA,　§
　　　　　　　　　　　　　§
　　　Respondent.　　　　　§

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Richard Deshawn Jones, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Jones's § 2255 motion.

I.

Jones pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court sentenced him to 84 months' imprisonment. Jones appealed to the Fifth Circuit Court of Appeals, but the Fifth Circuit affirmed his conviction and sentence. *See United States v. Jones*, 927 F.3d 895 (5th Cir. 2019).

Jones then filed this § 2255 motion (CV ECF No. 1),[1] in which he raises three claims. Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Jones argues that this conviction is infirm, and he is actually innocent. He further argues that his trial attorney, Leandro Delgado, provided ineffective assistance of counsel when he failed to move for the suppression of certain evidence seized from him.

The Government responds that Jones's claim his conviction is infirm under *Rehaif* is procedurally defaulted, and he cannot overcome his default because he has not shown cause and prejudice. His claim of actual innocence under *Rehaif* is belied by the record. Finally, the Government contends that Jones's ineffective assistance of counsel claim fails because he cannot show deficient performance, and he has made no attempt to show prejudice.

II.

A.   Jones procedurally defaulted his claims based on *Rehaif*.

In his first and second claims, Jones relies on *Rehaif* and argues that his conviction is infirm, and he is actually innocent. Mot. 4-5 (CV ECF No. 1). In *Rehaif*, the Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove the defendant knowingly violated each of the material elements of § 922(g), which are: (1) he

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:19-cv-02684-N-BT, and "CR ECF" refers to the underlying criminal action, case number 3:17-cr-00321-N-1.

knowingly possessed a firearm; and (2) he knew he belonged to the relevant category of persons prohibited from doing so. *Rehaif*, 139 S. Ct. at 2200; *see also United States v. Scott*, 11 F.4th 364, 366 n.1 (5th Cir. 2021).

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). A movant bears the burden of demonstrating either cause and actual prejudice, or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). Jones did not raise a *Rehaif* claim on direct appeal, and he has not demonstrated cause and prejudice or actual innocence to excuse the procedural default.

Jones filed his notice of appeal to the Fifth Circuit on May 11, 2018. (CR ECF No. 39) (Notice of Appeal). But the Supreme Court did not issue its decision in *Rehaif* until June 21, 2019, the same day the Fifth Circuit affirmed this Court's judgment on direct appeal. A movant can demonstrate cause when a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction. *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In this case, Jones has made no such showing. Prior to the Supreme Court's

3

decision in *Rehaif*, many lower courts had held that the Government did not have to prove *mens rea* to convict a defendant under § 922(g). *See id.* at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted). And the issue was litigated in federal courts for many years prior to Jones's direct appeal. (CR ECF No. 39) (Notice of Appeal); *see also United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across the federal circuits examining whether the Government needs to prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v. Bryant*, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years.") (collecting cases). Jones has failed to demonstrate that the legal basis for his *Rehaif* claims was not reasonably available to him when his case was on direct appeal. *See Bousley*, 523 U.S. at 622. Consequently, Jones has failed to demonstrate cause.

Even if Jones had argued he is actually innocent, the record clearly establishes otherwise. In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also Damon v. United States*, 732 F.3d 1, 2-3 (1st Cir. 2013) (the movant contested "only the categorization of his prior conduct as a crime of violence," so he did not plead "'actual innocence' as defined in *Bousley*"); *McKay v. United States*, 657 F.3d 1190,

4

1199 (11th Cir. 2011) ("McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence' under the Guidelines . . . . In other words, he makes no claim of *factual* innocence of the predicate offense."). The actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). This means that the new, reliable evidence persuades the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence—'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime.") (footnote omitted).

On June 11, 2009, Jones pleaded guilty to unlawful possession with intent to deliver cocaine. PSR ¶ 32. On the same day, he pleaded guilty to possession of cocaine. PSR ¶ 33. On March 23, 2010, Jones's probation was revoked on both drug charges, and he was sentenced to two years in prison. PSR ¶¶ 32, 33. Then, on August 16, 2016, he pleaded guilty to a third felony:

attempted unlawful possession of a firearm by a felon. PSR ¶ 36. For each of these convictions, the Texas state court was required to advise Jones of the maximum punishment he faced before accepting his guilty plea. *See* Tex. Code Crim. Proc. art. 26.13(a)(1) (providing that prior to accepting a guilty plea, the court must admonish the defendant of the range of punishment associated with his offense). Therefore, Jones knew that he was pleading guilty to crimes punishable by more than one year in prison. *See* 18 U.S.C. § 922(g)(1); *see also United States v. Ravell*, 821 F. App'x 362, 362 (5th Cir. 2020) ("Based on the whole record, there was a sufficient factual basis to support that Ravell knew of his status as a convicted felon is at least subject to reasonable dispute, and thus, there is no clear or obvious error.") (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Hicks*, 958 F.3d 399, 400-01 (5th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187-88 (5th Cir. 2020); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010)). In sum, no reasonable juror could have concluded Jones did not know he was a convicted felon, and he has therefore failed to demonstrate that he is "actually innocent." *See Bousley*, 523 U.S. at 622.

Jones argues that he did not possess the gun that led to his arrest and conviction the "firearm was mounted [ ] behind the dashboard [of his car]." Mot. 4 (CV ECF No. 1). However, Jones confessed to law enforcement officers that he bought the gun for $200 one month prior to his arrest, and he admitted ownership of the gun. PSR ¶ 11. At that time, he also admitted

to law enforcement officers that he was a convicted felon and understood he should not have possessed the gun. PSR ¶ 11. Then, at his rearraignment hearing, Jones swore under oath that he possessed the gun. (CR ECF No. 42 at 15-16.)

"Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, great weight is afforded "to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam). Absent independent and reliable evidence of the likely merit of his allegations, a prisoner "will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)).

Jones also argues that the Government could not prove that he knew the gun he illegally possessed traveled in interstate commerce. Mot. 4 (CV ECF No. 1). However, Jones is mistaken that the Government was required to make such a showing. *See United States v. Harris,* 796 F. App'x 203, 204

7

(5th Cir. 2019) (per curiam) (appellant argued that the Government was required to show that he knew the gun he unlawfully possessed had traveled in interstate commerce under § 922(g)(1), but he conceded, and the court found the issue was foreclosed by precedent). Accordingly, Jones has not demonstrated that he is actually innocent.

For these reasons, Jones has failed to overcome his default, and the Court should reject his *Rehaif* claims and dismiss them as procedurally defaulted. *See Shaid,* 937 F.2d at 231 ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal.") (internal quotation marks omitted); *see also Herring v. United States,* 2022 WL 865902, *1-2 (N.D. Tex. Mar. 22, 2022) (finding that a *Rehaif* claim raised for the first time on collateral review was procedurally defaulted because the movant did not show cause and prejudice, or that he was actually innocent); *Nixon v. United States,* 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same).

B.    Jones's ineffective assistance of counsel claim fails under *Strickland*.

In his third claim, Jones argues that his trial attorney, Delgado, erred by failing to move for suppression of evidence seized from him on the basis that the search violated his Fourth Amendment rights. Mot. 6-7 (CV ECF No. 1). Jones further argues that considering Delgado's error, he is "Eligible for Remand to Reverse and vacate" his conviction. *Id.* at 6.

8

A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citations omitted); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). "This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682 (citations omitted). Here, Jones does not allege that his guilty plea was involuntary. And his ineffective assistance of counsel claim does not relate to the voluntariness of his plea. Therefore, Jones waived his ineffective assistance of counsel claim.

Additionally, to establish ineffective assistance of counsel in the context of a guilty plea, a movant, such as Jones, must allege that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Jones has not alleged that but for Delgado's failure to file a motion to suppress, he would have insisted on proceeding to trial. Accordingly, Jones's third claim should be denied.

### III.

The District Court should DENY Jones's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed June 2, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).